Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| VINH NGUYEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>RADIENT PHARMACEUTICALS CORPORATION, DOUGLAS C. MACLELLAN, AND AKIO ARIURA,<br><br>Defendants. | No. 8:11-cv-00406 DOC (MLGx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE QUINTANA GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. David O. Carter<br><br>Hearing Date: June 13, 2011<br>Time: 8:30 a.m.<br>CTRM: 9D |

0

Memorandum of Points and Authorities ISO Motion of the Quintana Group for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 8:11-cv-00406 DOC (MLGx)

## MEMORANDUM OF POINTS AND AUTHORITIES

Reydel Quintana, Dat Tan Tran, and Agnes Cho ("Movant" or the "Quintana Group") respectfully submit this memorandum in support of their motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing the Quintana Group as Lead Plaintiff for all persons other than defendants who purchased the securities of Radient Pharmaceuticals Corporation (the "Company" or "Radient") between January 18, 2011 and March 4, 2011, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

### I.   PERTINENT BACKGROUND

On March 11, 2011, The Rosen Law Firm, P.A. commenced this action against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act. On that same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

The complaint in the instant action ("Complaint") alleges that Radient, a Delaware corporation headquartered in Tustin, California, and certain of its corporate officers violated the Exchange Act in connection with the Company's

---

[1] "Defendants" refers to, collectively: Radient Pharmaceuticals Corporation, Douglas C. MacLellan, and Akio Ariura.

1

issuance of materially false and misleading statements about the Company's true financial condition and business.

More specifically: The Complaint alleges that on January 18, 2011, Radient issued a materially false press release indicating that the Company was purportedly conducting a clinical trial of its Onko-Sure product with the prestigious Mayo Clinic. Less than two weeks later, Radient announced the signing of a definitive agreement for the private placement of $8.4 million in convertible notes and warrants financing.

On March 7, 2011, TheStreet.com issued an article disputing the Company's representations in its January 18, 2011 press release. In particular, the article indicated that the Mayo Clinic was **not** engaged in clinical studies with Radient, and that any clinical results relating to the Onko-Sure product would be provided solely by Radient, and not the Mayo Clinic.

Following this news, on the same day, Radient's stock price fell precipitously on heavy volume from an opening price of $.57/share to a low of $.30/share, before closing at $.42/share – a one-day drop of $.12/share, or approximately 21%. As a result, both Plaintiffs and the Class have been damaged.

## ARGUMENT
## II.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

2

Memorandum of Points and Authorities ISO Motion of the Quintana Group for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 8:11-cv-00406 DOC (MLGx)

>>(aa) has either filed the complaint or made a motion in response to a notice . . .;
>
>>(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
>>(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

The Quintana Group has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in the PSLRA certifications of the members of the Quintana Group filed concurrently herewith, each member attests that he or she has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, the Quintana Group satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases). The financial interest of the Quintana Group is set forth below.

3

Memorandum of Points and Authorities ISO Motion of the Quintana Group for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 8:11-cv-00406 DOC (MLGx)

Reydel Quintana purchased 136,400 shares of Radient common stock during the Class Period at a cost of $99,391.46, sold 88,330 of those shares for proceeds of $55,542.06, and retained the remainder of 48,070 shares. Mr. Quintana thereby suffered losses in the amount of $23,660.00[2]. *See* Rosen Decl., Ex. 3 (Quintana Group Loss Chart).

Dat Tan Tran purchased 359,776 shares of Radient common stock during the Class Period at a cost of $263,769.60, sold 292,376 of those shares for proceeds of $205,425.85, and retained the remainder of 67,400 shares. Mr. Tran thereby suffered losses in the amount of $30,035.75. *See Id.*

Agnes Cho purchased 36,000 shares of Radient common stock during the Class Period at a cost of $30,150.00. Ms. Cho retained all of those shares and has thereby suffered losses in the amount of $16,542.00. *See Id.*

With $70,237.75 in total losses, Movant is not aware of any other movant that has suffered greater losses in Radient stock during the Class Period. The Quintana Group is small enough that coordinated decision making will not present difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that small groups whose members all have suffered substantial losses, such as the Quintana Group, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *In re Tyco Int'l Ltd. Sec. Litig.*, 2000 WL 1513772, at *4 n.7 (D.N.H. Aug. 17, 2000); *In re The First Union Corp. Sec. Lit.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999); *In re Universal Access, Inc., Sec.*

---

[2] In determining losses for held shares, the Quintana Group uses the average daily closing price of Radient's common stock after the end of the Class Period to May 6, 2011, $.42. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period price to held shares); 15 U.S.C. §78u-4(e)(1).

4

Memorandum of Points and Authorities ISO Motion of the Quintana Group for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 8:11-cv-00406 DOC (MLGx)

*Lit.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); and *In re Oxford Health Plans, Inc. Sec. Lit.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Accordingly, the Quintana Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.   The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).   Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are

5

deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Quintana Group and each of its members fulfill all of the pertinent requirements of Rule 23. Each member of the Quintana Group shares substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class. Each of the Quintana Group members and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Radient and its business. The Quintana Group and its members, as did all of the members of the class, purchased Company stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the Quintana Group's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Quintana Group as Lead Plaintiff.

### D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Quintana Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class;
> or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

6

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. The members of the Quintana Group are not aware of any unique defenses that Defendants could raise against any of them that would render them inadequate to represent the Class. Accordingly, the Court should appoint the Movant as Lead Plaintiff for the Class.

### III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Quintana Group has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm, P.A. filed the first of these related actions and has been actively researching the class's and Movants' claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the Rosen Law Firm, P.A. is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Quintana Group's selection of Lead Counsel, the members of the class will receive the best legal representation available.

7

Memorandum of Points and Authorities ISO Motion of the Quintana Group for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 8:11-cv-00406 DOC (MLGx)

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing the Quintana Group as Lead Plaintiff of the class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 10, 2011                     Respectfully submitted,

                                            THE ROSEN LAW FIRM, P.A.

                                             /s/ Laurence Rosen, Esq.
                                            Laurence M. Rosen, Esq. (SBN 219683)
                                            THE ROSEN LAW FIRM, P.A.
                                            333 South Grand Avenue, 25th Floor
                                            Los Angeles, CA 90071
                                            Telephone: (213) 785-2610
                                            Facsimile: (213) 226-4684
                                            Email: lrosen@rosenlegal.com

                                            [Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On May 10, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE QUINTANA GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on May 10, 2011

/s/ Laurence Rosen

Laurence M. Rosen

9

Memorandum of Points and Authorities ISO Motion of the Quintana Group for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 8:11-cv-00406 DOC (MLGx)