UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| VINH NGUYEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>RADIENT PHARMACEUTICALS CORPORATION AND DOUGLAS C. MACLELLAN,<br><br>Defendants. | CASE No.: SACV-11-0406-DOC (MLGx)<br><br><u>CLASS ACTION</u><br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, (i) Lead Plaintiffs Reydel Quintana and Dat Tan Tran ("Lead Plaintiffs"), on behalf of themselves and the putative Class, and (ii) Radient Pharmaceuticals Corporation ("Radient"), and Douglas C. MacLellan ("MacLellan") (collectively, the "Radient Defendants") have entered, by and through their respective counsel, into a settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated December 16, 2013 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Amended Complaint (the "Complaint") filed in the Litigation; and the Court having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this <u>31st</u> day of <u>January</u>, 20<u>14</u>, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. Pursuant to the Court's Order dated November 26, 2012, this Litigation was certified as a class action on behalf of all persons who purchased the publicly traded common stock of Radient from January 18, 2011 through March 4, 2011, and who were damaged thereby (the "Class"). Excluded from the Class are the Radient Defendants, the present and former officers and

1

directors of Radient and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

3. A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on <u>April 22, 2014, at</u> <u>8:30 a.m</u>. for the following purposes:

    a. to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

    b. to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c. to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

    d. to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    e. to consider the application of Lead Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses;

    f. to consider any Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Class Members (or by counsel on their behalf); and

1         g.    to rule upon such other matters as the Court may deem appropriate.

2.   4.    The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

5.    The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

6.    The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

7.    Lead Plaintiffs' Counsel has the authority to enter into the Stipulation on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

8.    Strategic Claims Services is appointed and approved as the Claims Administrator for the Settlement.

9.    Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within ==twenty-eight==

(28) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator.

10. Lead Plaintiffs' Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

11. Defendants and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of Radient common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Plaintiffs' Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.

12. Lead Plaintiffs' Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Radient common stock during the Class Period. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper

1  documentation, for the reasonable expense of sending the Notice and Proof of
2  Claim to beneficial owners.
3       13.    Lead Plaintiffs' Counsel shall, at or before the Final Settlement
4  Hearing, serve upon Defendants' Counsel, and file with the Court, proof of
5  mailing of the Notice and Proof of Claim, both to Class Members and to
6  nominees.
7       14.    Lead Plaintiffs' Counsel, through the Claims Administrator, shall
8  cause the Summary Notice to be published electronically once on the
9  *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten
10  (10) calendar days after the entry of this Order. Lead Plaintiffs' Counsel shall,
11  at or before the Final Settlement Hearing, serve upon Defendants' Counsel and
12  file with the Court proof of publication of the Summary Notice.
13       15.    The forms and methods set forth herein of notifying the Class of
14  the Settlement and its terms and conditions meet the requirements of due
15  process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7)
16  of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private
17  Securities Litigation Reform Act of 1995; constitute the best notice practicable
18  under the circumstances; and constitute due and sufficient notice to all persons
19  and entities entitled thereto. No Class Member will be relieved from the terms
20  of the Settlement, including the releases provided for therein, based upon the
21  contention or proof that such Class Member failed to receive actual or adequate
22  notice.
23       16.    In order to be entitled to participate in recovery from the Net
24  Settlement Fund after the Effective Date, each Class Member shall take the
25  following action and be subject to the following conditions:
26       a.    A properly completed and executed Proof of Claim must be
27  submitted to the Claims Administrator, at the Post Office Box indicated in

the Notice, postmarked not later than seventy-five (75) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

b. The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or

6

rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

        d.     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

        17.     All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

        18.     Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Final Settlement Hearing or _____20__, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of Radient common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required

1 information, is legible, and is made within the time stated above, or the
2 exclusion is otherwise accepted by the Court. Lead Plaintiffs' Counsel may
3 contact any person or entity filing a request for exclusion, or their attorney if
4 one is designated, to discuss the exclusion.

5   19.   Class Members requesting exclusion from the Class shall not be
6 entitled to receive any payment out of the Net Settlement Fund.

7   20.   The Court will consider comments and/or objections to the
8 Settlement, the Plan of Allocation, or the application for Attorneys' Fees and
9 Expenses and any payment to Lead Plaintiff, only if such comments or
10 objections and any supporting papers are served to be received at least ==twenty==
11 ==(20)== calendar days prior to the Final Settlement Hearing, upon each of the
12 following:

**CLASS COUNSEL:**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel.: 212-686-1060
Fax: 212-202-3827

**COUNSEL FOR DEFENDANT RADIENT PHARMACEUTICALS CORPORATION**
Robert Weber, Esq.
DLA PIPER (US) LLP
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California, 90067
Tel: 310-595-3000
Fax: 310-595-3300

**COUNSEL FOR DEFENDANT DOUGLAS MACLELLAN**

Mark David Hunter, Esq.
HUNTER TAUBMAN WEISS LLP
255 University Drive
Coral Gables, Florida 33134
Tel: 305-629-8816
Fax: 305-629-8877

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Central District of California, 411 West Fourth Street, Santa Ana, California 92701. Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing. Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

21. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiffs.

22. The Court reserves the right to adjourn the Final Settlement Hearing or any adjournment thereof without any further notice other than entry

of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

23. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiffs shall be filed and served thirty (30) calendar days before the Final Settlement Hearing.

24. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiffs shall be filed no later than fourteen (14) calendar days prior to the Final Settlement Hearing.

25. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims. In addition, the Litigation is stayed.

26. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

27. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Class Member and any future requests by one or more of the Parties

1  that the Final Order and Judgment, the Release and/or the permanent injunction
2  set forth in the Stipulation be enforced.
3  Dated: January 31, 2014

_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE